## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**WILLIAM SOWARDS,**

       **Petitioner,**

   **v.**                        **Case No. 2:11-cv-954**

                                   **JUDGE MICHAEL H. WATSON**

**ATTORNEY GENERAL OF THE**        **Magistrate Judge Kemp**

**STATE OF OHIO,**

       **Respondent.**

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court on the instant petition, respondent's return of writ, petitioner's reply and the exhibits of the parties. Also before the Court is petitioner's motion for summary judgment and an evidentiary hearing, and petitioner's motion for a stay of sentence. These motions have been fully briefed. For the following reasons, it will be recommended that the petition be **DISMISSED** and that the remaining motions be **DENIED**.

## FACTS and PROCEDURAL HISTORY

On April 12, 2006, a Gallia County Grand Jury indicted petitioner on two counts of possession of drugs and one count of having a weapon while under a disability. The language of the indictment, relevant to Count 1, read as follows:

> **THE JURORS OF THE GRAND JURY of the State of Ohio,**
> **within and for the body of the County aforesaid, on their oaths, in the**
> **name and by the authority of the State of Ohio, do find and present that**

on or about the 24<u>th</u> day of <u>January, 2006</u>, at Gallia County, Ohio, <u>WILLIAM S. SOWARDS</u>, did

**Count One:**

knowingly obtain, possess, or use Marijuana, a schedule I controlled substance, in an amount exceeding twenty thousand grams, to-wit: 23,160.96 grams, in violation of Section 2925.11(A) of the Ohio Revised Code.

A felony of the second degree.

**In violation of the Ohio Revised Code, Title 29, Section 2925.11(A), and against the peace and dignity of the State of Ohio.**

*Exhibit 1 to Return of Writ.*

On October 24, 2006, a jury returned a verdict finding petitioner guilty of one count of possession of drugs and not guilty of the remaining two counts in the indictment. *See Exhibits 2 and 3 to Return of Writ.* As to Count One, the verdict form read as follows:

**VERDICT - GUILTY OR NOT GUILTY**
**INDICTMENT FOR COUNT ONE POSSESSION OF DRUGS**
**O.R.C. Section 2925.11(A)**

We, the jury in this case, duly impaneled, sworn and affirmed, find the Defendant, William S. Sowards, <u>Guilty</u> of Possession of Drugs in a manner and form as he stands charged in the Indictment.

On November 29, 2006, petitioner was sentenced to eight years in prison. *See Exhibit 3 to Return of Writ.* At trial, petitioner was represented by James A. Jenkins.

At the time of petitioner's sentencing, Ohio Revised Code §2945.75 provided, in relevant part:

(A)    When the presence of one or more additional elements makes an

2

offense one of more serious degree:

(1)   The affidavit, complaint, indictment, or information either shall state the degree of the offense which the accused is alleged to have committed, or shall allege such additional element or elements.  Otherwise such affidavit, complaint, indictment, or information is effective to charge only the least degree of the offense.

(2)   A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present.  Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged.

Further, the statutory section under which petitioner was convicted, R.C.

2925.11, provided in relevant part:

Possession of Drugs

(A)   No person shall knowingly obtain, possess, or use a controlled substance.

...

(C)   Whoever violates division (A) of this section is guilty of one of the following:

...

(3)   If the drug involved in the violation is marihuana or a compound mixture, preparation, or substance containing marihuana other than hashish, whoever violates division (A) of this section is guilty of possession of marihuana.  The penalty for the offense shall be determined as follows:

(a)   Except as otherwise provided in division (C)(3)(b), (c), (d), (e), or (f) of this section, possession of marihuana is a minor misdemeanor.

...

(f)   If the amount of the drug involved equals or exceeds twenty thousand grams but is less than forty thousand grams,

3

> possession of marihuana is a felony of the second degree, and the court shall impose a mandatory prison term of five, six, seven or eight years.

On December 14, 2006, petitioner, filed a notice of appeal to the Gallia County Court of Appeals.  He raised the following assignments of error:

> 1.     The trial court erred in denying appellant's motion to suppress the evidence where defendant was questioned after arrest, but without being given his *Miranda* warnings.
>
> 2.     The trial court erred in denying appellant's motion to suppress evidence discovered during the warrantless search of appellant's premises.

*Exhibit 4 to Return of Writ.* On direct appeal, petitioner continued to be represented by Mr. Jenkins. *Exhibit 5 to Return of Writ.* While petitioner's direct appeal was pending, the Ohio Supreme Court issued its decision in *State v. Pelfrey*, 112 Ohio St.3d 442 (2007). *See Exhibit 20 to Return of Writ. Pelfrey* held that where a verdict form does not set out the greater degree of the offense or any aggravating factors, a defendant can be convicted only of the least degree of the offense charged. *Id.* At no time during petitioner's direct appeal process did Mr. Jenkins raise the *Pelfrey* issue. *See Affidavit of Attorney James A. Jenkins attached to Petition.* On September 17, 2007, the Court of Appeals issued a decision affirming the judgment of the trial court. *Exhibit 7 to Return of Writ.*

On November 1, 2007, petitioner, still represented by Mr. Jenkins, filed a timely appeal to the Ohio Supreme Court. *Exhibit 8 to Return of Writ.*  He asserted the following propositions of law:

> I.     Defendant-Appellant's constitutional rights under the Fourth Amendment of the United States Constitution, the Fifth Amendment of the United States Constitution and Article I, Section

4

of the Ohio Constitution were violated where inculpatory
statements and physical evidence seized from the Appellant's
person were the fruits of an illegal arrest.

II.    Defendant-Appellant's constitutional rights under the Fourth
Amendment of the United States Constitution were violated where
physical evidence seized from the Appellant's residence were the
fruits of an illegal probationary search.

III.   Defendant-Appellant's constitutional rights under the Fourth
Amendment of the United States Constitution were violated where
physical evidence seized from the Appellant's residence were
obtained from an illegal warrantless search.

*Exhibit 9 to Return of Writ.* On February 6, 2008, the Ohio Supreme Court denied leave

to appeal and dismissed the appeal as not involving any substantial constitutional

question. *Exhibit 11 to Return of Writ.* According to the parties' briefs, on May 6, 2008,

petitioner, through Mr. Jenkins, filed a petition for a writ of certiorari with the United

States Supreme Court. On October 6, 2008, the United States Supreme Court denied the

petition.

On November 12, 2008, petitioner, through Mr. Jenkins, filed a motion to vacate

sentence with the Court of Common Pleas for Gallia County, Ohio. *Exhibit 12 to Return

of Writ.* The common pleas court treated the motion as one for post-conviction relief,

overruled the motion, and allowed another stay of sentence pending appeal. *Exhibit 15

to Return of Writ.* In overruling the motion, the trial court stated:

In his motion, Defendant relies on the case of *State v. Pelfrey*, 112
Ohio St.3d 442, 2007 - Ohio - 256 which held that a verdict form must
include the degree of the offense of which a defendant is convicted or
statement that an aggravating element has been found by the jury to
justify conviction of a greater degree of a criminal offense. It should be
pointed out that *Pelfrey* was decided by the Ohio Supreme Court on

5

February 7, 2007, after this Defendant's conviction and sentencing but while his direct appeal was pending.  The verdict form signed by the jury in Defendant's trial did not contain the degree of the offense charged nor did it contain a statement that an aggravating element had been found. This fact was not objected to by Defendant prior to the jury rendering its verdict and the Court's acceptance thereof.  It should also be pointed out that Defendant did not raise this issue in his direct appeal to the Fourth Appellate District of Ohio, nor to the Ohio Supreme Court or the United States Supreme Court.  He raises the issue for the first time in his current motion to vacate sentence filed November 12, 2008.

At the time of Defendant's conviction and sentencing, *Pelfrey,* had not yet been decided by the Ohio Supreme Court.  This Appellate District, in *State vs. Wireman*, 2002 Ohio 1526; 2002 Ohio App. LEXIS 7295 (decided April 2, 2002) held:

> Although the verdict form did not state the degree of the offense as required under Ohio Rev. Code Ann. Section 2945.75(A)(2), the verdict form substantially complied with the statute.  The verdict form stated that defendant was convicted in the manner and form in which he was charged.  This sufficiently referred to the degree of offense as stated in the indictment.

As can be seen, at the time of Defendant's conviction and sentencing, the State of Ohio and this Court were in full compliance with the requirements of said section pursuant to the controlling authority, to wit: the Fourth Appellate District of Ohio.  However, as a result of a conflict with its judgment on this issue and the judgments of various other Appellate Courts including this Fourth District Court of Appeals, the Second District Court of Appeals certified this issue to the Ohio Supreme Court which resulted in the *Pelfrey* decision holding as hereinbefore mentioned.  Since then, the Fourth Appellate District has followed *Pelfrey* starting with *State v. Huckleberry*, 2008 Ohio1007; 2008 Ohio App. LEXIS 881 (Decided March 4, 2008).

Defendant argues that the Court should vacate his sentence based on *Pelfrey*.  The State argues that Defendant's motion to vacate sentence is a petition for post-conviction relief and since it was not timely filed under Crim. R. 35 and 2953.21 R.C., it should be overruled and Defendant's sentence should stand.

6

This matter presents the Court with a number of issues which must be addressed, the first of which is the fact that Defendant failed to raise this issue in the trial court and object to the verdict form.  This fact is not pivotal. ... However, as pointed out earlier and should be further pointed out as a reminder now, Defendant did not raise this issue in his direct appeal to the Fourth Appellate District of Ohio nor to the Supreme Court of Ohio or the United States Supreme Court but is raising it for the first time now with his motion to vacate sentence.  As such, it appears that even though Defendant failed to raise this issue in the trial court, and even though *Pelfrey* had not yet been decided at the time of his conviction and sentencing, it could have been raised on direct appeal for the first time since *Pelfrey* was decided while his appeal was pending.  To this limited extent, applying *Pelfrey* to this case could be considered to be a retroactive application. ...

The question thus becomes: "To what extent, if any, is *Pelfrey* to be applied retroactively to [a] situation such as the one before us where the conviction and sentencing occurred prior to the decision in *Pelfrey*?  Naturally, this question only applies to cases in Appellate Districts not previously following the holding as announced in *Pelfrey* prior thereto.

A new judicial ruling may be applied only to cases that are pending on the announcement date.  *See State v. Evans* (1972), 32 Ohio St.2d 185.  The new judicial ruling may not be applied retroactively to a conviction that has become final, i.e., where the accused has exhausted all his appellate remedies.  *See, State vs. Lynn* (1966), 5 Ohio St.2d 106.  Here, even though *Pelfrey* was decided after Defendant's conviction and sentencing and during his direct appeal, and although he had the right to raise the issue during the appellate process, he failed to do so in the Fourth Appellate District of Ohio, the Supreme Court of Ohio, and the United States Supreme Court and now he has exhausted his appellate remedies.  "It is an established rule of long standing in this state that a constitutional question, either in a civil or criminal action, cannot be raised in the Supreme Court unless it was presented and urged in the courts below."  *Lynn*, supra.

The State argues that Defendant's motion to vacate sentence should be treated as a motion for post-conviction relief and that said motion was filed untimely.  This Court agrees. ...

...

... This Court finds that Defendant's motion to vacate sentence is a motion for postconviction relief and that same has been filed untimely/out of rule.  Post-conviction review is not a constitutional right but, rather is a narrow remedy which affords a petitioner no rights beyond those granted by statute.  *State v. Calhoun* (1999), 86 Ohio St.3d 279.  A post-conviction relief petition does not provide a petitioner a second opportunity to litigate his or her conviction.  (Citation omitted).

Defendant argues that this Court's sentence is void.  This Court does not agree.... It should be remembered at this juncture, at the time of Defendant's conviction and sentencing this Court did follow the controlling authority as it relates to the issue of the verdict form.  As such, this court did not substitute a different sentence for which is required by law.  This was a lawful sentence at the time.  This Court does not find Defendant's sentence to be void.  *Res judicata* applies to a voidable sentence ....  Even assuming the sentence in this case was void, ... [t]he fact remains in this case that Defendant's motion for vacation of sentence which has been considered by this court to be a motion for postconviction relief was filed out of rule which deprives this Court of jurisdiction as it relates to a petition for postconviction relief.

Even assuming that this Court's sentence was voidable, the Supreme Court in *State v. Payne*, 114 Oho St.3d 502, 2007-Ohio-4642 stated:  "Therefore, in those cases in which a trial court has jurisdiction but erroneously exercises jurisdiction, the sentence is not void, and the sentence can be set aside only if successfully challenged on direct appeal".  Later, the *Payne* court went on to say:  "Therefore, Defendants with a voidable sentence are entitled to resentencing only upon successful challenge on direct appeal".

Here, at no time did Defendant challenge the verdict form on direct appeal to the Fourth Appellate District, the Ohio Supreme Court, or the United States Supreme Court but raises this issue for the first time in what this Court finds to be a petition for postconviction relief.

*Exhibit 15 to Return of Writ, p. 2-10.*

On  September 18, 2009, through new counsel Jeffery L. Finley, petitioner

appealed the denial of his motion to vacate sentence to the Fourth District Court of

Appeals.  *Exhibit 17 to Return of Writ.* He raised the following assignments of error:

1.   The trial court erred to the prejudice of the defendant-appellant by denying his motion to vacate sentence whereas the verdict form signed by the jury failed to include the degree of the offense for which the defendant was convicted nor did it contain a statement that an aggravating element had been found.  As a result the defendant-appellant was unlawfully sentenced.

2.   The defendant-appellant was denied his constitutional right to effective assistance of counsel as guaranteed to him under the Sixth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution.

On March 31, 2011, the Court of Appeals affirmed the judgment of the trial court.

*Exhibit 20 to Return of Writ*.  In affirming the trial court, the Fourth District stated as

follows:

{¶ 4} On November 12, 2008, appellant filed the instant motion to "vacate" his sentence. The basis for his motion is the recent Ohio Supreme Court decision in *State v. Pelfrey*, 112 Ohio St.3d 422, 860 N.E.2d 735, 2007–Ohio–256, wherein the Court vacated a conviction on a greater degree of an offense because the verdict form failed to comply with R.C. 2945.75.FN2 Because the *Pelfrey* verdict form did not set out the greater degree of the offense or any aggravating factors, the Court held that the defendant could only be convicted of the least degree of the offense charged. *Id*. at ¶¶ 12, 14–15.

FN2. R.C. 2945.75(A)(2) states "[a] guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise, a guilty verdict constitutes a finding of guilty of the least degree of the offense charged."

{¶ 5} Appellee argued that appellant's motion is procedurally defective and is based on case law decided after his conviction. Appellant

countered that any conviction or sentence that did not comply with R.C. 2945.72 (a statute which, in fact, pre-dated his conviction) is *void ab initio* and a void sentence can be vacated at any time.

{¶ 6} On February 18, 2009, the trial court denied appellant's motion. In its detailed decision, the court explained that appellant's conviction occurred before *Pelfrey* and that the verdict form complied with the law as it existed at that time. Although *Pelfrey* was decided before *Sowards I* was resolved on appeal, the court noted that appellate counsel could have, but did not, raise the matter in appellant's first appeal of right. Finally, the court construed appellant's motion as a petition for postconviction relief and held that his claim is barred under the doctrine of res judicata. This appeal followed.

## I.

{¶ 7} In his first assignment of error, appellant asserts that the trial court erred by not applying *Pelfrey* to his case. We disagree.

{¶ 8} Our analysis begins with a precise chronology of cases. The trial court filed appellant's judgment of conviction and sentence on November 30, 2006. *Pelfrey* was decided on February 7, 2007. Our decision in *Sowards I* was journalized on September 17, 2007. Appellant did not raise the *Pelfrey* issue during his direct appeal. Thus, as the trial court correctly noted, *Pelfrey* was decided after appellant's conviction, but before we entered final judgment on his direct appeal. Accordingly, (1) the R .C. 2945.75 issue could have been, but was not, raised on direct appeal, and (2) a final judgment has been rendered on this case.

{¶ 9} Generally, a final judgment issued by a court of competent jurisdiction on the merits of a case is conclusive as to the rights of parties and is an absolute bar to a subsequent action. *State v. Davis*, 119 Ohio St.3d at 422, 894 N.E.2d 1221, 2008–Ohio–4608, ¶ 6; *also see State ex rel. Rose v. Ohio Dept. of Rehab. & Corr.* (2001), 91 Ohio St.3d 453, 455, 746 N.E.2d 1103. The Ohio Supreme Court has also rejected the claim that "res judicata has no application where there is a change in the law due to a judicial decision of [the] court." *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233. As the trial court aptly noted, appellant's claim is barred by the doctrine of *res judicata* regardless of how appellant's motion is characterized.

{¶ 10} Because the Ohio Supreme Court has held that the doctrine of res judicata applies to voidable judgments, but not void judgments, appellant's only avenue of relief is to show that his 2006 judgment of conviction and sentence was *void ab initio*. *See State v. Simpkins*, 117 Ohio St.3d 420, 884 N.E.2d 568, 2008–Ohio–1197, at ¶ 30. We do not find in *Pelfrey* any indication that a failure to strictly comply with R.C. 2945.75 renders a judgment void. Appellant cites to us no case law that so holds, nor have we found any such authority.

{¶ 11} Appellant cites *State v. Payne*, 114 Ohio St.3d 502, 873 N.E.2d 306, 2007–Ohio–4642, in which the Court remarked that "[i]t is axiomatic that imposing a sentence outside the statutory range, contrary to the statute, is outside a court's jurisdiction, thereby rendering the sentence *void ab initio*." *Id*. at ¶ 29, fn. 3. We, however, are not persuaded that *Payne* supports appellant's argument.

{¶ 12} First, that particular remark is included in a footnote in Justice O'Connor's opinion and is, technically, *obiter dicta*. Second, we believe that passage involved prison sentences wholly outside those enumerated and permitted by statute, irrespective of the operation of R.C. 2945.75. Third, the context of the case appears to run counter to the proposition for which appellant cites it.

{¶ 13} By way of background, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1, 845 N.E.2d 470, 2006–Ohio–856, on February 27, 2006. FN3 The next month, our Tenth District colleagues remanded a case to the trial court for re-sentencing in light of *Foster*. *See State v. Payne*, Franklin App. No. 05AP–517. Less than a week later, the State filed an App.R. 26(A) application for reconsideration and argued that, although the defendant could not have raised the *Foster* issue in the trial court, and his appellate case had already been submitted by the time the Ohio Supreme Court had ruled, the defendant could have nevertheless objected to his sentencing based on the United States Supreme Court cases on which *Foster* was grounded. *See State v. Payne*, Franklin App. No. 05AP–517, 2006–Ohio–2552, at ¶¶ 1 & 6. The Ohio Supreme Court affirmed. Although *Payne* is arguably distinguishable from this case on the basis that no " *Pelfrey*-like" case law exists at the federal level as it exists with the *Foster* case, the point to be gleaned from *Payne* is the fact that although the United States Supreme Court's decisions rendered Ohio's felony sentencing framework unconstitutional prior to *Foster*, sentences

imposed on the basis of those unconstitutional laws are voidable rather than void. Indeed, the Ohio Supreme Court observed a "void sentence is one that a [trial] court imposes despite lacking subject-matter jurisdiction or the authority to act * * * [whereas] a voidable sentence is one that a court has jurisdiction to impose, but was imposed irregularly or erroneously." (Citations omitted.) 2007–Ohio–4642, at ¶ 27.

> FN3. That case held that based on the United States Supreme Court's decisions in *Apprendi v. New Jersey* (2000), 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, as well as *Blakely v. Washington* (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403. See 2006–Ohio–856, at paragraphs one, three and five of the syllabus, a number of Ohio's felony sentencing statutes violated the United States Constitution.

{¶ 14} After our review in the case sub judice, we are not convinced that the trial court acted erroneously because the law at the time of appellant's conviction only required "substantial compliance" with R.C. 2945.75, rather than strict compliance that *Pelfrey* later mandated. Additionally, no question exists that the Gallia County Common Pleas Court possessed both subject matter and *in personam* jurisdiction over appellant at the time of his trial and conviction. Appellant has not persuaded us that the trial court lost jurisdiction simply because R.C. 2945.75 was not strictly enforced. Absent a loss of jurisdiction, we fail to see how appellant's judgment of conviction and sentence was rendered void as opposed to voidable.

{¶ 15} Appellant also relies on several decisions from this Court that have enforced *Pelfrey* against defective verdicts. However, those cases were decided on direct appeal. In the case sub judice, we previously affirmed appellant's final judgment of conviction and sentence and both the Ohio and United States Supreme Court have passed on jurisdictional motions.

{¶ 16} Accordingly, because appellant's judgment of conviction and sentence is voidable, rather than void, we conclude that he is barred by the doctrine of res judicata from raising the R .C. 2945.75 issue at this late date. Thus, we hereby overrule appellant's first assignment of error.

II

12

{¶ 17} In his second assignment of error, appellant asserts that his trial counsel was constitutionally ineffective for not raising the *Pelfrey* verdict defect. We, however, believe that res judicata bars this argument and furthermore, even if it were not barred, we would find no merit to this argument.

...

{¶ 21} Accordingly, based upon the foregoing, we hereby overrule appellant's second assignment of error.FN4

FN4. To the extent that appellant raises an ineffective assistance of appellate counsel claim (in the first sentence of his argument), we note that the proper procedural vehicle to raise such issue is an App.R. 26(B) motion to reopen appeal.

{¶ 22} Having reviewed all errors assigned and argued by appellant in his brief, and after finding merit in none, we hereby affirm the trial court's judgment.

*State v. Sowards*, 2011 WL 1279490 (Ohio App. 4 Dist. March 31, 2011); *Exhibit 20 to Return of Writ.*

On May 11, 2011, petitioner, through his current counsel Kerry Donahue, filed an appeal of this decision to the Ohio Supreme Court. *Exhibit 21 to Return of Writ.* He set forth two propositions of law:

I.      The Court cannot make illegal orders.

II.     Appellant was denied his Constitutional Right to effective assistance of Counsel on appeal when the same counsel as employed at the trial level did not present significant and serious error in the direct appeal and thus left unchallenged an 8 year sentence in a case for which the maximum allowable sentence is a fine and costs.

*Exhibit 22 to Return of Writ.*

On September 21, 2011, the Ohio Supreme Court declined jurisdiction and dismissed the case as not involving any substantial constitutional question.  *Exhibit 23 to Return of Writ.*  Petitioner filed a motion for reconsideration which the Ohio Supreme Court denied.  *Exhibits 24 and 25 to the Return of Writ.*

On October 24, 2011, petitioner, through Mr. Donahue, filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254.  At the time petitioner filed his petition, he had not been incarcerated, although respondent does not dispute that petitioner was in custody for purposes of habeas relief.  As explained below, petitioner set forth his claims in narrative form in both his petition and motion for summary judgment.

## PETITIONER'S CLAIMS AS SET FORTH IN HIS HABEAS PETITION AND MOTION FOR SUMMARY JUDGMENT

 The impetus behind petitioner's habeas petition, as well as his motion for summary judgment, is his belief that the maximum sentence that could have been imposed on him under the correct interpretation of Ohio law was a $100 fine and court costs rather than the eight-year sentence he received.  The basis for petitioner's position, as more fully set forth above, can be summarized as follows.  Petitioner was found guilty by a jury on Count I of an indictment for the second degree felony of knowingly obtaining or possessing marijuana in an amount exceeding twenty-thousand grams. The verdict form signed by the jury, however, did not state either the degree of the offense or any aggravating element as required by R.C. §2945.75(A)(2).  As a result,

14

petitioner contends, he only can be guilty of the least degree of the offense charged - which he asserts in the statute under which he was convicted, §2925.11, is a minor misdemeanor. *See* R.C. §2925.11(C)(3)(a).

In his filings in this Court, petitioner continues to assert, as he did in his motion to vacate, that based on the trial court's failure to follow clear Ohio law, his sentence is void because the trial court imposed a sentence beyond the maximum allowed by law. According to petitioner, the "illegal" eight-year sentence he received violated his Due Process and Sixth Amendment rights. As petitioner argues, because of the deficiencies in the verdict form, the judge at sentencing, rather than the jury itself, determined the quantity of marijuana involved. To support his position that the trial court's actions have resulted in his being in custody in violation of his constitutional rights, petitioner draws heavily on federal case law including *Apprendi v. New Jersey*, 530 U.S. 466 (2000), *Blakely v. Washington*, 542 U.S. 296 (2004) and *United States v. Booker*, 543 U.S. 220 (2005). He also continues to maintain that his trial counsel was ineffective in violation of his Sixth Amendment rights for failing to object to the verdict form.

Petitioner also appears to be asserting before this Court, much more affirmatively than he had in his motion to vacate, an ineffective assistance of appellate counsel claim based on counsel's failure to raise the *Pelfrey* issue on appeal. Again, as discussed in more detail above, in *Pelfrey*, decided while petitioner's direct appeal was pending, the Ohio Supreme Court clarified that strict compliance with R.C. §2945. 75,

15

rather than substantial compliance, was required.  Prior to the *Pelfrey* decision, the

Fourth District, the district of petitioner's conviction, had required only substantial

compliance with R.C. §2945.75.  To support his ineffective assistance of appellate

counsel claim, petitioner has submitted an affidavit from Mr. Jenkins.  In this affidavit,

dated September 22, 2009, Mr. Jenkins accepts responsibility for failing to raise the

*Pelfrey* issue on direct appeal and acknowledges that he must demonstrate good cause

for filing an untimely Rule 26(B) application on petitioner's behalf.

     The primary defense raised by respondent is that petitioner's claims are

procedurally defaulted.  Alternatively, respondent contends that petitioner's claims are

either unexhausted, not cognizable in habeas corpus, or without merit.  For the reasons

that follow, the Court agrees that all of petitioner's claims have been procedurally

defaulted.

## PROCEDURAL DEFAULT

    In recognition of the equal obligation of the state courts to protect the

constitutional rights of criminal defendants, and in order to prevent needless friction

between the state and federal courts, a state criminal defendant with federal

constitutional claims is required fairly to present those claims to the highest court of the

state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue

open to him by which he may present the claims, his petition is subject to dismissal for

failure to exhaust state remedies. *Id*.; *Anderson v. Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74

L.Ed.2d 3 (1982) (per curiam; *Picard v. Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged

constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

There is no question that the *Maupin* test is satisfied here.  Petitioner does not dispute (and on the record before this Court clearly could not dispute) that the issues he raises in his habeas petition were not raised on direct appeal.  Further, when petitioner attempted to raise the issues in his motion to vacate, both the state trial and appellate courts enforced the state procedural rule that such claims were only appropriately raised on direct appeal and were therefore barred by the doctrine of *res judicata*.  The United States Court of Appeals for the Sixth Circuit has consistently held that Ohio's doctrine of *res judicata* is an adequate ground for denying federal habeas relief.  *Norris v. Schotten*, 146 F.3d 314, 332 (6th Cir. 1998).  Further, the doctrine of *res judicata* is stated in unmistakable terms in countless Ohio decisions, and Ohio courts have consistently refused to review the merits of claims in reliance on that doctrine.  *See State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967); *State v. Cole*, 2 Ohio St.3d 112, 443 N.E.2d 169 (1982); *State v. Ishmail*, 67 Ohio St.2d 16, 423 N.E.2d 1068 (1981).

Despite petitioner's strenuous efforts in arguing that he has suffered a serious injustice which must be remedied under basic constitutional principles, the undisputed fact of his procedural default is quickly dispositive of his petition.  Simply put, petitioner has waived his right to present his claims for federal habeas corpus review.

18

He may still obtain review of these claims on the merits, however, if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violations.  To establish cause, petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray*, 477 U.S. at 488.  As explained below, he has not done so here.

Petitioner suggests that the cause for his procedural default is the ineffective assistance of appellate counsel. Certainly, constitutionally ineffective counsel may constitute cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000).  Here, however, there also is no dispute that petitioner has never pursued a Rule 26(B) application - the procedural vehicle under Ohio law for raising an ineffective assistance of appellate counsel claim. As a result, he has not presented this claim to the state courts and he is several years past the 90-day time frame for doing so.  In fact, in Mr. Jenkins' affidavit dated September 22, 2009, he acknowledges that the 90- day deadline for filing a Rule 26(B) application has passed and that good cause for a late filing must be demonstrated.  Further, although the caption of Mr. Jenkins' affidavit suggests that its purpose relates to a Rule 26(B) application, there is no evidence in the record of such an application having been filed.  This remains so despite the Fourth District's suggestion to petitioner in its opinion issued slightly more than a year ago that any ineffective assistance of appellate counsel claim would be more appropriately pursued through a Rule 26(B) application.  Given this well-documented series of events,

19

it is extremely unlikely that petitioner would be able to meet the good cause

requirement required to do so at this late date.  Where a petitioner has failed to exhaust

his claims but would find those claims barred if later presented to the state courts,

"there is a procedural default for purposes of federal habeas...." *Coleman v. Thompson*,

501 U.S. 722, 735 n.1 (1991).

> While it is well-settled that an ineffective assistance of counsel claim can

constitute cause for the procedural default of another claim, the ineffective assistance

claim must not itself be procedurally defaulted. *Edwards,* 529 U.S. at 453.   Here, there is

no question that petitioner has procedurally defaulted his ineffective assistance of

appellate counsel claim and has presented no cause to excuse that default.

Consequently, petitioner cannot rely on the ineffective assistance of appellate counsel to

excuse his default of his *Pelfrey* and ineffective assistance of trial counsel claims.

> Further, the Court notes that petitioner makes brief mention in his petition of

counsel's failure to file a Rule 26(B) application.  To the extent that petitioner is

suggesting that the default of his ineffective assistance of appellate counsel claim may

be excused by the ineffective assistance of failing to file a Rule 26(B) application, he is

mistaken.  The Rule 26(B) application process is considered a collateral or post-

conviction process not direct review. *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005)(en

banc). "There is no right to an attorney in state post-conviction proceedings," *Coleman*,

501 U.S. at 752. As a result, petitioner did not have a right to counsel in pursuing a Rule

26(B) application.  Consequently, the ineffectiveness of petitioner's counsel at that point

in the state court proceedings "does not present a constitutional violation sufficient to

establish cause and prejudice for a procedural default." *Taylor v. McKee*, 649 F.3d 446,

452 (6th Cir. 2011). This remains so despite the Supreme Court's recent holding in

*Martinez v. Ryan*, – U.S. –, 132 S.Ct. 1309 (2012).  That case addressed only the right to

counsel in a state post-conviction proceeding which, under the relevant state law,

provided the first opportunity to present an ineffective assistance of trial counsel claim.

As stated by the Court in *Martinez*:

> The rule of *Coleman* governs in all but the limited circumstances
> recognized here.  The holding in this case does not concern attorney errors
> in other kinds of proceedings, including appeals from initial-review
> collateral proceedings, and petitions for discretionary review in a State's
> appellate courts. (Citations omitted).  It does not extend to attorney errors
> in any proceedings beyond the first occasion the State allows a prisoner to
> raise a claim of ineffective assistance at trial, even though that initial-
> review collateral proceeding may be deficient for other reasons.

*Id*. at 1320.

Because petitioner  has not established cause to excuse his procedural default, the

Court need not consider the issue of prejudice.

Finally, petitioner is not entitled to have his claim reviewed under the actual

innocence exception.  Petitioner does not argue his innocence, let alone present any

evidence of it, because he is not challenging the fact of his conviction.  Rather, the sole

focus of petitioner's argument is that, as a result of trial court or attorney error, he failed

to receive the benefit of a misdemeanor sentence of a fine and costs, instead receiving

an eight-year sentence for second degree felony possession of over twenty-thousand grams of marijuana.

Because the Court concludes that petitioner's claims are procedurally defaulted, there is no need to consider the merits arguments set forth at great length by petitioner.

## MOTION FOR SUMMARY JUDGMENT AND<br>REQUEST FOR EVIDENTIARY HEARING

When not in conflict with the Rules Governing §2254 Cases, the Federal Rules of Civil Procedure may be applied to habeas corpus proceedings. Habeas Rule 11.  The Supreme Court has approved the use of summary judgment procedure in appropriate habeas corpus cases. *Blackledge v. Allison*, 431 U.S. 63, 80-81, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977); *Browder v. Director*, 434 U.S. 257, 266, n. 10, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978). However, motions for summary judgment in habeas corpus proceedings usually require the same record-based review of the merits of the petitioner's grounds for relief. This was precisely the scenario presented here.  The exhibits provided by petitioner in support of his summary judgment motion were also part of the record reviewed by the Court in considering the petition.  Because, as set forth above, the petitioner's claims have been procedurally defaulted, the court will recommend that the motion for summary judgment be denied.

Similarly, the Court will recommend that petitioner's request for an evidentiary hearing be denied.  In determining whether to grant an evidentiary hearing, a habeas court must "consider whether such a hearing could enable an applicant to prove the

petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 474, 127 S.Ct. 1933, 167 L.Ed.2d 836 (2007). However, a district court is not required to hold an evidentiary hearing if the record "precludes habeas relief." *Schriro*, 550 U.S. at 474, 127 S.Ct. 1933; *Muniz v. Smith*, 647 F.3d 619, 625 (6th Cir. 2011).

## MOTION FOR STAY OF SENTENCE

Because, as set forth above, petitioner's claims have been procedurally defaulted, the Court will recommend that the motion for a stay of sentence be denied as moot.

## RECOMMENDED DISPOSITION

For all of the foregoing reasons, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED**.  Further, the Magistrate Judge **RECOMMENDS** that the motion for summary judgment and evidentiary hearing and the motion for a stay of sentence be **DENIED**.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

23

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge

24