IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

WILLIAM SOWARDS,

        Petitioner,

    v.                             **Case No. 2:11-cv-954**

                                        **JUDGE MICHAEL H. WATSON**

ATTORNEY GENERAL OF THE          **Magistrate Judge Kemp**
STATE OF OHIO,

        Respondent.

## OPINION AND ORDER

     This matter is before the Court on Plaintiff William S. Sowards' objections to a Report and Recommendation issued by the Magistrate Judge on April 19, 2012.  The Court, having reviewed the record de novo, finds for the reasons set out below that the objections to the Report and Recommendation are without merit.  For the following reasons, Mr. Sowards' objections will be **OVERRULED** and the Report and Recommendation will be **ADOPTED** in its entirety.

### I. STANDARD OF REVIEW

     When objections are received to a Magistrate Judge's Report and Recommendation on a dispositive matter, the assigned District Judge "shall make a de novo determination ... of any portion of the magistrate judge's disposition to which specific written objection has been made ...."  Fed. R. Civ. P. 72(b).  After review, the District Judge "may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions." *Id.; see also* 28 U.S.C. § 636(b)(1)(B).  General objections are insufficient to preserve any

issues for review; "[a] general objection to the entirety of the magistrate's report has the same effects as would a failure to object." *Howard v. Secretary of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. THE REPORT AND RECOMMENDATION

In the Report and Recommendation, the Magistrate Judge recommended that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed on the ground of procedural default. The Magistrate Judge also recommended that Mr. Sowards' motion for summary judgment, request for an evidentiary hearing, and request for a stay be denied. Based on the narrative discussion it contained and the procedural history of Mr. Sowards' state court proceedings, the Magistrate Judge construed the petition as raising two claims - that Mr. Sowards received an "illegal" sentence and that his trial counsel was ineffective. The Magistrate Judge also construed the petition as asserting an ineffective assistance of appellate counsel claim.

Based upon the procedural history set forth in the record, the Magistrate Judge concluded that the claims Mr. Sowards is asserting in this action had not been raised on direct appeal in the state court, that the state courts specifically had applied the doctrine of *res judicata* to these claims, and that the ineffective assistance of appellate counsel could not be relied upon to excuse such procedural default because that claim itself was procedurally defaulted. Mr. Sowards does not disagree with the procedural history as recited by the Magistrate Judge. Consequently, the Court adopts the procedural history as set forth at great length in the Report and Recommendation for purposes of ruling on Mr. Sowards' objections.

By way of some background, however, the Court finds a summary of the procedural history to be in order.  Following a jury trial, Mr. Sowards was found guilty of one count of possession of drugs in violation of R.C. § 2925.11(A).  The verdict form did not state the amount of drugs at issue but the indictment had stated the amount relevant to that count as exceeding twenty thousand grams.  Mr. Sowards was sentenced to eight years in prison.  At the time of his sentencing, R.C. § 2945.75 contained a provision requiring that a guilty verdict state the degree of the offense or guilt of only the least degree of the offense charged could be found.   The district of Mr. Sowards' conviction, however, Ohio's Fourth Appellate District, required only substantial, not strict, compliance with R.C. § 2945.75.

At his sentencing, Mr. Sowards' trial counsel did not raise lack of compliance with R.C. §2945.75 as an issue.  While Mr. Sowards' direct appeal was pending, the Ohio Supreme Court issued its decision in *State v. Pelfrey*, 112 Ohio St.3d 442 (2007). *Pelfrey* held that where a verdict form does not set out the greater degree of the offense or any aggravating factors, a defendant can be convicted only of the least degree of the offense charged.  The *Pelfrey* issue was never raised during Mr. Sowards' direct appeal process, which included an appeal to the Ohio Supreme Court and a petition for a writ of certiorari to the United States Supreme Court.

Mr. Sowards did not raise the *Pelfrey* issue until he filed a motion to vacate with the Court of Common Pleas for Gallia County, Ohio.  The common pleas court treated the motion as one for post-conviction relief and overruled the motion stating specifically, among other things, that Mr. Sowards had the right to raise the *Pelfrey* issue during the appellate process but had failed to do so.  Mr. Sowards appealed the denial of his

motion to vacate to the Fourth District Court of Appeals. He raised the following assignments of error:

> 1.     The trial court erred to the prejudice of the defendant-appellant by denying his motion to vacate sentence whereas the verdict form signed by the jury failed to include the degree of the offense for which the defendant was convicted nor did it contain a statement that an aggravating element had been found. As a result the defendant-appellant was unlawfully sentenced.
>
> 2.     The defendant-appellant was denied his constitutional right to effective assistance of counsel as guaranteed to him under the Sixth and Fourteenth Amendments to the United States Constitution and the Ohio Constitution.

The Fourth District affirmed the judgment of the trial court. With respect to the first assignment of error raising the *Pelfrey* issue, the appellate court stated "we conclude that he is barred by the doctrine of res judicata from raising the R.C. 2945.75 issue at this late date." *State v. Sowards*, No.09CA8, 2011 WL 1279490 (Ohio App. 4 Dist. March 31, 2011); *Exhibit 20 to Return of Writ*. With respect to the second assignment of error relating to the ineffectiveness of trial counsel for failing to raise the *Pelfrey* issue, the appellate court stated, "[w]e ... believe that res judicata bars this argument and furthermore, even if it were not barred, we would find no merit to this argument." *Id.*

Mr. Sowards appealed the Fourth District's decision to the Ohio Supreme Court phrasing his propositions of law as follows.

> I.     The Court cannot make illegal orders.
>
> II.     Appellant was denied his Constitutional Right to effective assistance of Counsel on appeal when the same counsel as employed at the trial level did not present significant and serious error in the direct appeal and thus left unchallenged an 8 year sentence in a case for which the maximum allowable sentence is a fine and costs.

The Ohio Supreme Court declined jurisdiction and dismissed the case as not involving any substantial constitutional question. Mr. Sowards filed a motion for reconsideration which also was denied. At the time Mr. Sowards filed his petition, he had not begun serving his eight-year sentence.

The Magistrate Judge explained the basis for Mr. Sowards' habeas petition, and his motion for summary judgment, in the following way.

> The impetus behind petitioner's habeas petition, as well as his motion for summary judgment, is his belief that the maximum sentence that could have been imposed on him under the correct interpretation of Ohio law was a $100 fine and court costs rather than the eight-year sentence he received. The basis for petitioner's position, as more fully set forth above, can be summarized as follows. Petitioner was found guilty by a jury on Count I of an indictment for the second degree felony of knowingly obtaining or possessing marijuana in an amount exceeding twenty-thousand grams. The verdict form signed by the jury, however, did not state either the degree of the offense or any aggravating element as required by R.C. §2945.75(A)(2). As a result, petitioner contends, he only can be guilty of the least degree of the offense charged - which he asserts in the statute under which he was convicted, §2925.11, is a minor misdemeanor. See R.C. §2925.11(C)(3)(a).

It is with all of the above in mind, that the Court will consider the merits of Mr. Soward's objections to the Report and Recommendation.

### III. THE OBJECTIONS

Mr. Sowards has raised several objections to the Magistrate Judge's finding of procedural default. The objections, as the claims in the petition, are simply discussed in sixteen pages of narrative without specific identification. Further, the objections, similar in tone to the petition, vigorously contend that Mr. Sowards has suffered grave injustice that simply cannot be permitted to continue. As the Court understands the gist of Mr. Sowards' objections, however, they appear to be based on a profound

misunderstanding of the procedural default doctrine specifically and the law governing

habeas corpus cases generally. For ease of discussion, his arguments will be

summarized individually but addressed as a whole as follows.

It appears that at least initially, with respect to his claim that the trial court

imposed an illegal sentence, Mr. Sowards continues to argue in terms of substance

rather than address the Magistrate Judge's conclusion that the failure to raise this claim

on direct appeal has resulted in its procedural default. In what can best be

characterized as the conclusion to his argument directed to the merits of his sentence,

Mr. Sowards states,

> This Court is reminded that this Petitioner set forth three proper ways
> that this petition could be decided and the case dealt with and proficiently
> and in detail briefed all of them. The Magistrate did not seemingly consider
> any of these arguments and therefore it is requested that the Court review
> those issues de novo (including the argument that no final appealable order
> has ever been properly made in this case). These fully briefed arguments
> were seemingly ignored by the Magistrate as they were not meaningfully
> addressed in his report.

Objection, ECF No. 24, at 4.

Mr. Sowards next appears to argue that the Magistrate Judge indicated that a

motion to reopen appeal should have been filed in an effort to prevent procedural

default of his "ineffective assistance of counsel claim." In this portion of his argument,

Mr. Sowards makes no distinction between a claim of ineffective assistance of *trial*

counsel and a claim of ineffective assistance of *appellate* counsel. He contends,

however, that such a motion was never filed because it was rendered moot by the

Fourth District Court of Appeals' ruling on the appeal of his motion to vacate through

which he had attempted to raise an ineffective assistance of *trial* counsel claim. In

making this argument, he relies on the portion of the Fourth District opinion rejecting his ineffective assistance of trial counsel claim on its merits as an alternative holding to its ruling that such a claim was barred by the doctrine of res judicata. Mr. Sowards suggests that the Magistrate Judge's failure to cite to this portion of the state court decision demonstrates a misunderstanding of its significance in his failure to pursue a Rule 26(B) application.

Mr. Sowards next argues, without any citation to authority, that because his sentence was void, his claims cannot be procedurally defaulted. As Mr. Sowards further explains, the Magistrate Judge did not need to reach the issue of procedural default because there were many available resolutions more favorable to Mr. Sowards. For example, Mr. Sowards contends that the Magistrate Judge could have concluded that

> "the sentence was void, or that the illegal sentence was never a final order and is thus still pending in state court, or that an illegal sentence can be corrected anytime or that this matter be stayed while the vain act of filing an Application to reopen Appeal on the basis of ineffective assistance of counsel is filed in the Fourth District Court of Appeals...."

Objection, *supra*, at 6.

Further, Mr. Sowards contends, again without any citation, that "[r]es judicata does not apply if an actual conflict of interest enjoined original appellate counsel from raising ineffective assistance of trial counsel on direct appeal." In the next sentence he argues that "such an act would have been futile" because as he explains in the remainder of the paragraph, the Fourth District Court of Appeals determined that any ineffective assistance of counsel claim - either trial or appellate - failed because Mr.

Sowards could not demonstrate prejudice.

The next seven pages of Mr. Sowards' objections are dedicated to a discussion of the exhaustion requirement applicable to habeas corpus cases. Part of his argument suggests (although it fails to recognize any distinction) that because courts have the discretion to consider unexhausted claims which are clearly meritless in an effort to preserve judicial resources, the Court should exercise its discretion to rule on the merits of his claims. The crux of the exhaustion argument, however, relies on the Fourth District's discussion rejecting any ineffectiveness of trial counsel claim. Basically, Mr. Sowards is contending that he did not need to "exhaust" his ineffective assistance of *appellate* counsel claim by filing a Rule 26(B) application because, in concluding that his ineffective assistance of *trial* counsel claim failed, the Fourth District simultaneously foreclosed such a claim. Mr. Sowards urges the Court to apply the "futility doctrine" which he contends excuses a habeas petitioner from exhausting state remedies when the state court has decided the same legal question adversely to the petitioner in a case involving similar facts.

In conclusion, Mr. Sowards appears to argue that, because he believed that it was unlikely that he would prevail on his Rule 26(B) application, given the Fourth District's holding, there was no reason to file one.

Before addressing Mr. Sowards' objections, the Court will set forth the standard for procedural default relied upon by the Magistrate Judge. In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts, a state

criminal defendant with federal constitutional claims is required fairly to present those

claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he

fails to do so, but still has an avenue open to him by which he may present the claims,

his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v.*

*Harless*, 459 U.S. 4, 6, 103 S.Ct. 276, 74 L.Ed.2d 3 (1982) (per curiam; *Picard v.*

*Connor*, 404 U.S. 270, 275-76, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971). If, because of a

procedural default, the petitioner can no longer present his claims to a state court, he

has also waived them for purposes of federal habeas review unless he can

demonstrate cause for the procedural default and actual prejudice resulting from the

alleged constitutional error. *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91

L.Ed.2d 397 (1986); *Engle v. Isaac*, 456 U.S. 107, 129, 102 S.Ct. 1558, 71 L.Ed.2d 783

(1982); *Wainwright v. Sykes*, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977).

In the Sixth Circuit, a four-part analysis must be undertaken when the state

argues that a federal habeas claim is precluded by the petitioner's failure to observe a

state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). "First, the

court must determine that there is a state procedural rule that is applicable to the

petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the

court must determine whether the state courts actually enforced the state procedural

sanction. *Id.* Third, it must be decided whether the state procedural forfeiture is an

adequate and independent state ground on which the state can rely to foreclose review

of a federal constitutional claim. *Id.* Finally, if the court has determined that a state

procedural rule was not complied with and that the rule was an adequate and

independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985).

Applying the above standard to Mr. Sowards' claims, the Court finds all of his objections to be meritless. As discussed above and set forth at length in the Report and Recommendation, Mr. Sowards' procedural default is textbook in nature. There is absolutely no dispute that his claims that his sentence was "illegal" and that he received ineffective assistance from his trial counsel were not raised on direct appeal. Further, there is no question that when he attempted to raise the issues by way of a "motion to vacate" before the state courts, the Fourth District Court of Appeals specifically applied a state procedural sanction in holding that the claims were barred by the doctrine of res judicata. That is the very definition of the procedural default which prevents this Court from considering these claims on habeas review. *See, e.g., Willis v. Smith*, 351 F.3d 741 (6th Cir. 2003); *Seymour v. Walker*, 224 F.3d 542, 549-50 (6th Cir.), cert. denied, 532 U.S. 989 (2001)("When a habeas petitioner fails to obtain consideration of a claim by a state court, either due to the petitioner's failure to raise that claim before the state courts while state-court remedies are still available or due to a state procedural rule that prevents the state courts from reaching the merits of the petitioner's claim, that claim is procedurally defaulted and may not be considered by the federal court on habeas review").

Mr. Sowards does not argue that the Magistrate Judge applied an incorrect standard of procedural default.  Rather, Mr. Sowards seems to be arguing that the Magistrate Judge indicated that the filing of a Rule 26(B) motion would have prevented any procedural default.  In making this argument, Mr. Sowards appears to blur the distinction between his claims of an "illegal" sentence and the ineffectiveness of trial counsel (the underlying claims) and the ineffective assistance of appellate counsel claim which he articulated for the first time in any meaningful detail in his habeas petition.

Stated simply, the filing of a Rule 26(B) motion would not have prevented a finding of procedural default of the underlying claims.   Rather, the pursuit of a Rule 26(B) motion may have allowed this habeas Court to consider whether the ineffective assistance of appellate counsel constituted cause to excuse that procedural default, thereby allowing this Court to consider those claims.  Instead, as the Magistrate Judge found, there also is no question here that the ineffective assistance of appellate counsel claim was itself procedurally defaulted and, therefore, cannot establish cause to excuse the default of Mr. Sowards' other claims.   *See Edwards v. Carpenter*, 529 U.S. 446 (2000) (a defaulted ineffective assistance of counsel claim cannot be used to establish procedural default).

Mr. Sowards openly acknowledges that he has never pursued a Rule 26(B) application—the procedural vehicle under Ohio law for raising an ineffective assistance of appellate counsel claim.  Moreover, there is no indication in his objections or otherwise in the record that he attempted to pursue this claim in any way before the

Ohio state courts. Despite the clearly dispositive nature of this failure, Mr. Sowards devotes the bulk of his objections to asserting that it should not be fatal to his ineffective assistance of appellate counsel claim, or for that matter, as he understands the law, any of his claims. As repeatedly noted above, Mr. Sowards bases this argument on his interpretation of the Fourth District's discussion of the merits of his ineffective assistance of *trial* counsel claim.

Mr. Sowards' interpretation of the impact of the Fourth District's alternative discussion on his ability to pursue a Rule 26(B) motion is simply incorrect. Mr. Sowards is correct that, in its alternative holding, the Fourth District stated that *trial* counsel could not be found constitutionally ineffective because raising lack of compliance with R.C. § 2945.75 as an objection at the time of Mr. Sowards' sentencing would have been a "vain act." It does not follow from this, however, that the Fourth District intended to foreclose any claim regarding the failure of *appellate* counsel to raise the issue on appeal following the decision in *Pelfrey*. The Fourth District's decision does not address that issue in any way, instead suggesting to Mr. Sowards that such an issue was more appropriately raised in a Rule 26(B) motion to reopen appeal. *See State v. Sowards*, No. 09CA8, 2011 WL 1279490, fn. 4 (Ohio App. 4 Dist. March 31, 2011); *Exhibit 20 to Return of Writ*.

Further, in addressing Mr. Sowards' failure to file a Rule 26(B) motion, the Magistrate Judge was not suggesting that this case somehow turns on the issue of exhaustion. Rather, as the Magistrate Judge noted, while Mr. Sowards did fail to exhaust the state remedy of seeking to reopen his appeal, because any such attempt to

file a Rule 26(B) motion at this point would be procedurally barred under Ohio law, he has procedurally defaulted his ineffective assistance of appellate counsel claim for purposes of habeas relief. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991); *see also Edwards v. Carpenter*, 529 U.S. at 453 (addressing the interplay between exhaustion and procedural default). Moreover, as the Magistrate Judge explained, Mr. Sowards has not established any cause for this procedural default. Similarly, he does not assert any in his objections.

In summary, the status of Mr. Sowards' claims can be characterized succinctly as follows. His underlying claims (i.e. the illegality of his sentence and ineffectiveness of trial counsel) were procedurally defaulted because Mr. Sowards did not raise them on direct appeal. He has not established cause for this procedural default because, to the extent that he suggests that the ineffective assistance of appellate counsel constitutes cause for this default, this claim also has been procedurally defaulted as a result of his failure to file a Rule 26(B) motion or to raise the claim in any other fashion in the state courts. He has asserted no cause which might excuse his procedural default of this claim. Because Mr. Sowards failed to establish cause to excuse the procedural defaults of both his underlying claims and his ineffective assistance of appellate counsel claim, the Magistrate Judge was correct in declining to consider the issue of prejudice.

Further, to the extent that it would be available here, Mr. Sowards cannot rely on the "actual innocence exception" as grounds for excusing his procedural default. *See Vanwinkle v. United States*, 645 F.3d 365, 369-70 (6th Cir. 2011) ( "actual innocence"

may excuse procedural default); *see also Gibbs v. U.S.,* 655 F.3d 473 (6th Cir. 2011)

(actual innocence exception may not apply in non-capital cases). As the Magistrate

Judge concluded, Mr. Sowards does not argue his innocence, let alone provide any

evidence of it. Instead, the sole focus of his habeas challenge is that as a result of trial

court or attorney error, he failed to receive the benefit of a misdemeanor sentence.

Because the Court agrees with the Magistrate Judge's conclusion that all of Mr.

Sowards' claims are procedurally defaulted, the Court may not, despite Mr. Sowards'

insistence to the contrary, reach his merits arguments. For all of these reasons, Mr.

Sowards' objections will be overruled and the Report and Recommendation will be

adopted in its entirety.

## IV. CERTIFICATE OF APPEALABILITY

The Court also notes Mr. Sowards' request for a certificate of appealability.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability

should issue when the prisoner shows, at least, that jurists of reason would find it

debatable whether the petition states a valid claim of the denial of a constitutional right

and that jurists of reason would find it debatable whether the district court was correct in

its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 484–85, 120 S.Ct. 1595, 146

L.Ed.2d 542 (2000). Thus, there are two components to determining whether a

certificate of appealability should issue when a claim is dismissed on procedural

grounds: "one directed at the underlying constitutional claims and one directed at the

district court's procedural holding." The Court may first "resolve the issue whose answer

is more apparent from the record and arguments." *Id.*

Upon review of the record, the Court is unpersuaded that reasonable jurists would debate whether this Court was correct in its dismissal of petitioner's claims due to his failure to establish cause and prejudice for his procedural defaults.  Therefore, petitioner's request for a certificate of appealability will be denied.

## V.  DISPOSITION

For the foregoing reasons, petitioner's objections are **OVERRULED**.  The Magistrate Judge's Report and Recommendation (ECF No.  23) is **ADOPTED** and **AFFIRMED**.  Petitioner's motion for summary judgment, for an evidentiary hearing and for a stay are **DENIED**.  This action is hereby **DISMISSED**.  Petitioner's request for a certificate of appealability is **DENIED**.

IT IS SO ORDERED.

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**